UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LILLIAN HENDERSON** and **WOODROW HENDERSON** | * * * * | **CIVIL ACTION NO.:** **JUDGE** |
| **VERSUS** | * * | **MAGISTRATE JUDGE** |
| **LOWE'S HOME CENTERS, LLC** | * | **JURY DEMAND** |

*************************************************************************

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, Lowe's Home Centers, LLC ("Lowe's"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of its removal, Lowe's respectfully avers as follows:

I.

On February 2, 2020, Plaintiffs Lillian Henderson and Woodrow Henderson ("Plaintiffs") filed a Petition for Damages entitled "*Lillian Henderson and Woodrow Henderson versus Lowe's Home Centers, LLC*" bearing suit number 814-473 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[1]

---

[1] See Plaintiff's Petition for Damages, attached as Exhibit 1

II.

Plaintiff asserted personal injury claims arising out of a trip and fall incident that occurred on September 6, 2020 at the Lowe's retail store located in Marrero, Louisiana.[2]

III.

Plaintiff filed suit against Lowe's asserting that Lowe's negligence was the cause of the injuries sustained by Lillian Henderson in the above-mentioned trip and fall incident.

IV.

Lowe's was served with the Petition for Damages on February 11, 2021.

V.

The Petition alleges that Plaintiffs are domiciled in the Parish of Jefferson, State of Louisiana. Accordingly, Plaintiffs are considered a citizen of Louisiana for the purposes of diversity jurisdiction.

VI.

Lowe's is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Its sole member, Lowe's Companies, Inc., is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

VII.

Based on the face of the Petition, it appears that complete diversity exists between the parties in accordance with 28 USCA §1332.

---

[2] Exh. 1, paragraph 3.

VIII.

Regarding the requisite amount in controversy requirement for diversity jurisdiction, Plaintiff's Petition does not include a specific quantum of damages or provide any allegation that would indicate that the amount in controversy exceeds the amount necessary to invoke federal diversity jurisdiction. However, the Petition does itemize several injuries Plaintiff Lillian Henderson purportedly sustained in the trip and fall incident, including intracranial bleeding, a concussion and a fractured pelvis.[3] Furthermore, initial medical records provided by Plaintiff's counsel indicate that Plaintiff remained in the hospital for approximately three (3) days following the trip and fall incident and medical expenses known to date exceed $35,000.[4]

IX.

Irrespective of the special damages incurred, general damages for Plaintiff's claimed head and pelvic injuries can be sufficient to satisfy the jurisdictional requirement for removal. *McBride v. State Farm Mut. Auto. Ins. Co.*, 01-954 (La. App. 5 Cir. 03/26/02), 815 So.2d 249 ($80,000 and $70,000 in general damages awarded to two separate plaintiffs respectively for pelvic fractures); *Johnston v. Shelton*, 42,103 (La. App. 2 Cir. 6/27/07), 961 So.2d 582 (appellate court found that $25,000.00 general damage award was not an abuse of discretion where plaintiff injured in a motor vehicle accident suffered post-concussion syndrome lasting one year post accident and an aggravation of pre-existing musculoskeletal pain and depression); *Bryan v. Xtreme Machines, LLC*, 2016-693 (La. App. 3 Cir. 12/14/16), 208 So. 3d 911, 918 ($50,000 in general damages awarded to Plaintiff diagnosed with post-concussion syndrome with lingering symptoms one-year post-accident).

---

[3] Exh. 1, paragraph 3.
[4] See, pertinent medical billing records attached *in globo* hereto as Exhibit 2.

3

X.

28 U.S.C. §1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As noted above, Lowe's was served with the Petition for Damages on February 11, 2021 and filed the instant Notice of Removal within thirty (30) days of service. Accordingly, this Notice of Removal is timely.

XI.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XII.

Since there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XIII.

Lowe's has good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

WHEREFORE, Defendant, Lowe's Home Centers, LLC prays that the above-entitled cause on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully submitted,

*/s/ Caroline M. Murley*
Paul J. Politz La. Bar No. 19741
ppolitz@twpdlaw.com
Caroline M. Murley, La. Bar No. 36599
cmurley@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

**Counsel for Lowe's Home Centers, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 11th day of March, 2021.

*/s/ Caroline M. Murley*
TAYLOR, WELLONS, POLITZ & DUHE, APLC